Cite as 2020 Ark. 130

# SUPREME COURT OF ARKANSAS

**Opinion Delivered:** April 2, 2020

IN RE ARKANSAS SUPREME
COURT COMMITTEE ON CIVIL
PRACTICE –
RECOMMENDATIONS TO REVISE
RULES OF CIVIL PROCEDURE 3, 5,
AND 41 AND ADMINISTRATIVE
ORDER NO. 8

**PER CURIAM**

We publish for public comment our Committee on Civil Practice's recommendations for amendments to Arkansas Rules of Civil Procedure 3, 5, and 41, and Administrative Order No. 8. See the Reporter's Notes for an explanation of the amendments. The amendments are set out below in "line-in, line-out fashion<u>"</u>—new material is underlined, and deleted material is lined through.

We solicit your comments. The deadline for responses is May 31, 2020. Please submit in writing any comments or suggestions regarding the above-referenced rules to Stacey Pectol, Clerk of the Arkansas Supreme Court and Court of Appeals, 625 Marshall Street, Suite 130, Little Rock, Arkansas 72201.

### RULE 3. COMMENCEMENT OF ACTION--"CLERK" DEFINED

**(a)      <u>Commencement of action.</u>** A civil action is commenced by ~~filing~~ <u>delivering</u> a complaint <u>or other case initiating document</u> ~~with~~ <u>to</u> the clerk of the court who ~~shall~~ <u>must</u> note thereon the date and precise time of ~~filing~~ <u>delivery and file it with the court. The date and time of delivery shall be the date of filing the complaint or document.</u>

**(b)     Clerk must not refuse to accept deficient complaint or other case initiating document.**   The clerk must not refuse to accept a complaint or other case initiating document delivered for filing.

**(c)     Procedure for dismissal of deficient complaint or other case initiating document.** Within 10 days of delivery to the clerk of a complaint or other case initiating document deficient as described in this rule, the clerk must give written notice to the attorney or other person responsible for delivering the complaint or document for filing that the clerk may request dismissal as provided in this rule and Rule 41(b). The notice must specifically describe the deficiency. If within 30 days of the filing date the deficiency in form is not corrected or a completed appropriate form is not delivered to the clerk, the clerk may notify the court of the deficiency and request that the court dismiss the complaint or other case initiating document for want of prosecution as provided in Rule 41(b) for failure to comply with these rules or Arkansas Supreme Court Administrative Order No. 8.

**(b̶ d)   Clerk of court defined.** The term "clerk of the court" as used in these Rules means the circuit clerk and, with respect to probate matters, any county clerk who serves as ex officio clerk of the probate division of the circuit court pursuant to Ark. Code Ann. § 14-14-502(b)(2)(B). In counties where the county clerk serves as the ex officio clerk of any division of the circuit court, the filing requirement s̶h̶a̶l̶l̶ ̶b̶e̶ is satisfied when the complaint is f̶i̶l̶e̶d̶ delivered for filing with either the circuit clerk or the county clerk.

**(c̶ e)   Clerk to assign number and charge new filing fee if case refiled.** The clerk s̶h̶a̶l̶l̶ must assign a new case number and charge a new filing fee for the filing of any case that is refiled after having been dismissed.

**(d̶ f)   Claims or counterclaims not to be asserted in Domestic Abuse Act action.** No other claim or counterclaim for relief, including without limitation, divorce, annulment, separate maintenance, or paternity, shall be asserted in an action filed under the Domestic Abuse Act, Ark. Code Ann. § 9-15-101 *et seq.*, but a separate action seeking other relief s̶h̶a̶l̶l̶ must be filed, and the clerk s̶h̶a̶l̶l̶ must assign a new case number and charge a filing fee unless the filing fee is waived pursuant to Rule 72 of these rules.

**(e̶ g)   Petition for adoption not to be asserted in guardianship proceeding; separate action must be filed.** A petition for adoption cannot be asserted in a guardianship proceeding, but a separate action s̶h̶a̶l̶l̶ must be filed, and the clerk s̶h̶a̶l̶l̶ must assign a new case number and charge a filing fee unless the filing fee is waived pursuant to Rule 72 of these rules.

**Rule 41. DISMISSAL OF ACTIONS**

. . .

**(b)** **Involuntary Dismissal.** In any case in which there has been a failure of the plaintiff to comply with these rules, Arkansas Supreme Court Administrative Order No. 8, or any order of court or in which there has been no action shown on the record for the past 12 months, the court shall cause notice to be mailed to the attorneys of record, and to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day application is made, upon a showing of good cause, to continue the case on the court's docket. A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

**ADMINISTRATIVE ORDER NO. 8.**

**Forms for Reporting Case Information in All Arkansas Courts**

. . .

**Section II. Responsibility for forms.**

. . .

b.       *Court clerk.*

. . .

~~The court clerk shall not accept an initial pleading or final order that is not accompanied by the appropriate form, except as provided elsewhere in this order.~~ The clerk must not refuse to accept a complaint or other case initiating document delivered for filing. However, if within 30 days of the filing date the deficiency in form is not corrected or a completed appropriate form is not delivered to the clerk, the complaint or other case initiating document may be dismissed for want of prosecution as provided in Arkansas Rule of Civil Procedure 41(b). The court clerk shall maintain a supply of forms to ensure their availability to attorneys or self-represented litigants. The court clerk shall report the data electronically to the AOC.

. . .

**Reporter's Notes (20    ): Proposed changes to Arkansas Rules of Civil Procedure 3 and 41(b) and Administrative Order No. 8.**

The proposed revisions to Arkansas Rules of Civil Procedure 3 and 41(b) and Administrative Order No. 8 clarify the clerk's duties regarding the filing of complaints and other case initiating documents. Under current applicable rules and Administrative Order No. 8, guidance as to the clerk's responsibilities is not clear if there are questions whether the complaint or other case initiating document is presented in the proper form or was accompanied by the appropriate Administrative Order No. 8 form.

Arkansas Rule of Civil Procedure 5(c)(1) states: "The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in the proper form." However, the Rule 5 filing provision applies only to filings subsequent to the filing of the complaint. Rule 3 addresses the filing of the complaint but does not incorporate the Rule 5(c)(1) "shall not refuse to accept for filing" language. In addition, Section II(b) of Administrative Order No. 8 provides: "The court clerk shall not accept an initial pleading or final order that is not accompanied by the appropriate form [including the complaint cover sheet]." And, Section III(a) of the order states: "*Completeness.* Forms accompanying the initial pleading shall be sufficiently complete to enable identification of the parties and to provide essential case information." Issues arising from these filing provisions can lead to statute of limitations concerns.

Revisions are proposed to Arkansas Rule of Civil Procedure 3 and 41(b) and Administrative Order No. 8 to address the potential limitations problems. The revisions clarify the clerk's duties and place the ultimate propriety of filing issues before the judge.

**RULE 5. SERVICE AND FILING OF PLEADINGS ~~AND~~, OTHER PAPERS, AND ELECTRONIC COMMUNICATIONS**

(a)  **Service.**

    **(1)** **W**hen *Service* **Required.**

        **(A)** *In General.* Except as otherwise provided in these rules~~,~~ and for matters that may be heard ex parte, each of the following filed subsequent to the complaint must be served on every party:

            **(i)** Every pleading and ~~every~~ all other ~~paper~~ papers, including all written communications with the court;[1] and

            [Note – The following material is moved to 5(a)(1)(A), above: ~~, filed subsequent to the complaint, except one which may be heard ex parte, shall be served upon each of the parties, unless~~:]

            **(ii)** All electronic communications with the court~~ orders otherwise because of numerous parties~~.[2]

        **(B)** *Service not Required on Party Who Fails to Appear.* No service need be made ~~upon~~ on parties in default for failure to appear, except that pleadings asserting new or additional claims for relief against them ~~shall~~ must be served in the manner provided for service of summons in Rule 4.[3]

    [Note – The following material is moved to 5(a)(1)(C) below: ~~Any pleading asserting new or additional claims for relief against any party who has appeared shall be served in accordance with subdivision (b) of this rule.~~]

        **(C)** *Service Required When Asserting Claims for Relief Against Party Who Has Appeared.* Any pleading asserting new or additional claims for relief against any party who has appeared must be served in accordance with subdivision (a)(2) of this rule.[4]

---

[1]Source – Substantively identical to current ARCP 5(a), first sentence.

[2]This provision would be new. The provision is neither part of the current Arkansas Rules of Civil Procedure nor the Federal Rules of Civil Procedure.

[3]Source – Substantively identical to current ARCP 5(a), second sentence.

[4]Source – Substantively identical to current ARCP 5(a), third sentence.

**(D)** *Service in Actions Begun by Seizure of Property.* In an action begun by seizure of property, in which no person need be or is named as defendant, any service required to be made prior to the filing of an answer, claim or appearance ~~shall~~ must be ~~made upon~~ on the person having custody or possession of the property ~~at the time of its seizure.~~ when it is seized.[5]

**(E)** *Service by Mail or Commercial Delivery Company if Final Judgment or Decree Entered and Court has Continuing Jurisdiction.* If a final judgment or decree has been entered and the court has continuing jurisdiction, service on a party by mail or commercial delivery company must comply with the requirements of Rule 4(~~dg~~)(~~8~~1)~~(A)~~ and (~~C~~2)~~, respectively~~.[6]

**(~~b~~2)** **Service: How Made.**

**(A)** *In General.* If a party is represented by an attorney, service ~~whenever~~ under this rule or any statute ~~service is required or permitted to~~ must be ~~made upon a party represented by an attorney, the service shall be upon~~ on the attorney, ~~except that~~ unless the court orders service ~~shall be upon~~ on the party ~~if the court so orders~~ or a final judgment has been entered in the action ~~is one in which a final judgment has been entered~~ and the court has continuing jurisdiction.[7]

**(B)** *Service Procedure.*

  **(i)** *Service by delivering or sending a copy to the person to be served.* Except as provided in paragraph (~~3~~a)(1)(E) of this subdivision, ~~service upon the attorney or upon the party shall be made~~ a paper is served by delivering a copy ~~to him or by sending it~~ to ~~him~~ the person or by sending a copy to the person by regular mail or commercial delivery company at ~~his~~ the person's last known address or, if no address is known, by leaving it with the clerk of the court.[8]

  **(ii)** *Meaning of delivery of a copy.* Delivery of a copy for purposes of this ~~paragraph~~ rule means handing it to the attorney or to the party; ~~by~~ leaving it at ~~his~~ the person's office with ~~his~~ the person's clerk or other

---

[5]Source – Substantively identical to current ARCP 5(a), second paragraph.

[6]Source – Substantively identical to current ARCP 5(b)(3).

[7]Source – Substantively identical to current ARCP 5(b)(1).

[8]Source – Substantively identical to current ARCP 5(b)(2), first sentence.

6

person in charge ~~thereof~~ of the office; or, if the office is closed or the person has no office, leaving it at ~~his~~ the person's dwelling house or usual place of abode with some person residing therein who is at least 14 years of age. Service by mail is presumptively complete ~~upon~~ on mailing, and service by commercial delivery company is presumptively complete ~~upon~~ on depositing the papers with the company. When service is permitted ~~upon~~ on an attorney, ~~such~~ service may be effected by electronic transmission, including e-mail, provided ~~that~~ the attorney being served has facilities within ~~his or her~~ the attorney's office to receive and reproduce verbatim electronic transmissions. Service is complete ~~upon~~ on transmission but is not effective if it does not reach the person to be served. Service by a commercial delivery company ~~shall~~ is not ~~be~~ valid unless the company: (A) maintains permanent records of actual delivery, and (B) has been approved by the circuit court in which the action is filed or in the county where service is to be made.[2]

[Note – the following material is moved to 5(a)(2)(A), above: ~~(3) If a final judgment or decree has been entered and the court has continuing jurisdiction, service upon a party by mail or commercial delivery company shall comply with the requirements of Rule 4(d)(8)(A) and (C), respectively.~~]

**(3)** **Proof of Service.** Every pleading, paper or other document required by this rule to be served on a party or the party's attorney, must contain a statement by the party or attorney filing the pleading, paper or other document that a copy has been served in accordance with this rule, stating the date and method of service and, if by mail, the name and address of each person served.[10]

**(4)** **Court not to Act on Pleadings, Motions, or Other Requests Until Service Accomplished.** Except for matters that may be heard ex parte, a court must not act on a pleading, motion or other request until service has been accomplished as required by this rule.[11]

**(~~c~~b)** **Filing.**

---

[9]Source – Substantively identical to current ARCP 5(b)(2) second sentence through fourth sentence.

[10]Source – Identical to current ARCP 5(e).

[11]This provision would be new. The provision is neither part of the current Arkansas Rules of Civil Procedure nor the Federal Rules of Civil Procedure.

7

**(1)** *Filing Requirement in General.* All papers after the complaint required to be served ~~upon~~ on a party or ~~his~~ the party's attorney ~~shall~~ must be ~~filed with~~ delivered for filing to the clerk of the court either before service or within a reasonable time ~~thereafter.~~ after service. The clerk ~~shall~~ must note the date and precise time of delivery on the paper as the date of filing ~~thereon. However, proposed~~ and file it with the court.[12]

**(2)** *Exceptions to Filing Requirement.* Proposed findings of fact, proposed conclusions of law, trial briefs, proposed jury instructions, ~~and~~ responses and objections thereto may but need not be filed unless ordered by the court. Disclosures under Rule 26(a)(1) or (2), depositions, interrogatories, requests for production or inspection, and answers, ~~and~~ responses and objections thereto shall not be filed unless ordered by the court. When ~~such~~ those discovery documents are relevant to a motion, they or the relevant portions ~~thereof~~ of the documents shall be submitted with the motion and attached as an exhibit unless ~~such~~ the documents have already been filed.[13]

**(3)** *Clerk not to Refuse Papers Presented for Filing.* The clerk ~~shall~~ must not refuse to accept for filing any paper ~~presented for that purpose solely because it is not presented in the proper form.~~ delivered for filing.[14]

**(4)** *Filing in Counties where County Clerk Serves as Ex Officio Clerk of Circuit Court.* In counties where the county clerk serves as the ex officio clerk of any division of the circuit court, the filing requirement for any pleading, paper, order, judgment, decree, or notice of appeal ~~shall be~~ is satisfied when the document is filed with either the circuit clerk or the county clerk.[15]

---

[12]Source – Substantively identical to current ARCP 5(c)(1), first sentence, with the following exceptions: To make the filing provisions of the rule (filing papers after the complaint) accord with the filing provisions for proposed ARCP 3(a) ("Commencement of Action" – filing the complaint), the phrase "must be delivered for filing to the clerk of the court" is substituted for "shall be filed with the clerk of the court." In addition, the clerk is to note the date and "precise time of delivery" on the paper. The time of delivery then constitutes the date of filing.

[13]Source – Substantively identical to current ARCP 5(c)(1), second sentence through fifth sentence, with the following exceptions: "[o]bjections" is added to the list of documents in the first and second sentences and "[d]isclosures under proposed Rule 26(a)(1) or (2)" is added to the list of discovery documents that are not to be filed unless ordered by the court. The "disclosures" provision under Rule 26(a)(1) or (2) would be added to Rule 26 through a separate proposed rule revision submitted to the Arkansas Supreme Court by the court's Committee on Civil Practice.

[14]Source – Substantively identical to current ARCP 5(c)(1), sixth sentence with the exception that the phrase "solely because it is not delivered in the proper form" is deleted.

[15]Source – Substantively identical to current ARCP 5(c)(1), seventh sentence.

**(5)** *Confidential Information.* Confidential information as defined and described in Sections III(A)(11) and VII(A) of Administrative Order 19 ~~shall~~ <u>must</u> not be included as part of a case record unless the confidential information is necessary and relevant to the case. Section III(A)(2) of the Administrative Order defines a case record as any document, information, data, or other item created, collected, received, or maintained by a court, court agency or clerk of court in connection with a judicial proceeding. If including confidential information in a case record is necessary and relevant to the case:

**(A)** The confidential information ~~shall~~ <u>must</u> be redacted from the case record to which public access is granted pursuant to Section IV(A) of Administrative Order 19. The point in the case record at which the redaction is made ~~shall~~ <u>must</u> be indicated by striking through the redacted material with an opaque black mark or by inserting some explanatory notation in brackets, such as: [Information Redacted], [I.R.], [Confidential], or [Subject To Protective Order]. If an entire document is redacted, then the name of the document (with the number of pages redacted specified) should be noted in the publicly available court file and the entire document should be filed under seal. The requirement that the redaction be indicated in case records ~~shall~~ <u>must</u> not apply to court records rendered confidential by expungement or other legal authority that expressly prohibits disclosure of the existence of a record; and

**(B)** An un-redacted copy of the case record with the confidential information included ~~shall~~ <u>must</u> be filed with the court under seal. The un-redacted copy of the case record ~~shall~~ <u>must</u> be retained by the court as part of the court record of the case. It is the responsibility of the attorney for a party represented by counsel and the responsibility of a party unrepresented by counsel to ensure that confidential information is omitted or redacted from all case records that they submit to a court. It is the responsibility of the court, court agency, or clerk of court to ensure that confidential information is omitted or redacted from all case records, including orders, judgments, and decrees, that they create.[16]

**(6)** *Filing Facsimile Transmission Papers if Clerk's Office has a Facsimile Machine.* If the clerk's office has a facsimile machine, the clerk ~~shall~~ <u>must</u> accept facsimile transmissions of any paper filed under this rule and may charge a fee of $1.00 per page. Any signature appearing on a facsimile copy ~~shall be~~ <u>is</u> presumed authentic

---

[16]<u>Source – With the exceptions of substituting "must" for "shall" in six instances, all of proposed ARCP 5(b)(5) is identical to ARCP 5(c)(2).</u>

until proven otherwise. The clerk ~~shall~~ <u>must</u> stamp or otherwise mark a facsimile copy as filed on the date and time that it is received on the clerk's facsimile machine during the regular hours of the clerk's office or, if received outside those hours, at the time the office opens on the next business day.[17]

**(~~d~~7)** ***Filing with the Judge.*** ~~The judge may permit~~<u>With the judge's permission,</u> papers or pleadings ~~to~~ <u>may</u> be filed with ~~him, in which event he shall~~ <u>the judge. The judge must</u> note ~~thereon~~ the filing date <u>on the papers or pleadings</u> and ~~forthwith~~ transmit them to the office of the clerk. If the judge permits filing by facsimile transmission, the provisions of subdivision (~~c~~)(~~2~~<u>b</u>)(5) of this rule ~~shall~~ apply.[18]

[Note – The following material is moved to 5(a)(3), above: ~~(e) *Proof of Service*. Every pleading, paper or other document required by this rule to be served upon a party or his attorney, shall contain a statement by the party or attorney filing same that a copy thereof has been served in accordance with this rule, stating therein the date and method of service and, if by mail, the name and address of each person served.~~]

**Reporters Notes (20  ): Proposed changes to Arkansas Rule of Civil Procedure 5**

The proposal reformats and reorganizes the provisions of the rule into single topic subparts with titles for each subpart and updates the language of the rule. The substance of all provisions of current ARCP 5 are retained in the proposed revised rule. Changes of note:

- Rule 5(b)(1) is modified to track in Rule 5 the changed language of proposed Rule 3(a) regarding the clerk's duties with respect to documents presented for filing;
- Rule 5(a)(1)(A)(ii) requires service on all parties of "all electronic communications with the court";
- Rule 5(a)(4) provides that the court is not to act on pleadings, motions, etc. until service is accomplished;
- Rule 5(b)(2) "Objections" are added to the list of documents that need not be filed and disclosures under Rule 26(c)(1) or (2) to the list of documents that are not to be filed;
- Rule 5(a)(1)(E) corrects the cross-reference to a subsection of Rule 4;
- The source of each Rule 5 provision in the proposal is indicated in a footnote

---

[17]Source - Substantively identical to current <u>ARCP 5(c)(3).</u>

[18]Source - Substantively identical to current <u>ARCP 5</u>(d).

10

following the provision. The source is generally the location of the substantively identical provision in current Rule 5.

WOOD, J., dissents.